IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHIMON GUY, | : |
| | : CIVIL ACTION |
| Plaintiff, | : |
| | : |
| v. | : NO. 16-1557 |
| | : |
| BRISTOL BOROUGH, et al. | : |
| | : |
| Defendants. | : |

**MEMORANDUM RE: POST-TRIAL MOTION**

AND NOW this      day of January, 2020, we have before us "Bristol Borough's Renewed Motion for Judgment as a Matter of Law" (Doc. 88) by which Defendant moves for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(b), and "Plaintiff's Answer to Bristol Brough's Renewed Motion for Judgment as a Matter of Law" (Doc. 91) opposing the motion.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

On October 28, 2013 Meny Moore and Plaintiff Shimon Guy purchased a property at 301–303 Radcliffe Street in Bristol Borough, Bucks County, Pennsylvania, which they intended to develop. On November 5, 2014 Moore was working on the building when the bay window he was standing on came apart from the wall. The window fell to the ground, as did Moore who suffered serious injuries. That same day Defendant Bristol Borough demolished the building. The decision to demolish the building was made by Borough Manager James Dillon. The building was demolished without notifying Plaintiff or providing a pre-deprivation hearing. When the Borough contacted Guy on November 11, 2014 it informed Guy that the building was demolished due to safety concerns.

Guy sued the Borough pursuant to 42 U.S.C. § 1983, which provides relief to a Plaintiff when a person acts under color of state law and deprives an individual of their constitutional rights.

1

In this case there was no dispute over whether the defendant, Bristol Borough acted under the color of state law, as the Borough is a political subdivision of the Commonwealth of Pennsylvania. There was also no dispute over whether Guy had a constitutionally protected interest in the property. The key issue was whether Bristol Borough violated his constitutional rights in depriving him of his property interest without due process of law.

Bristol Borough asserted an affirmative defense that they did not violate due process in that a pre-deprivation hearing is not required in emergency situations. Bristol Borough had the burden to prove that its decisionmaker had "competent evidence allowing the official to reasonably believe that an emergency does in fact exist." *Elsmere Park Club, L.P. v. Town of Elsmere*, 542 F.3d 412, 418 (3d Cir. 2008).

A trial on the matter of liability commenced on December 11, 2019. At the close of evidence Bristol Borough moved for judgment as a matter of law pursuant to Fed. R. Civ. P. 50. The court denied that motion and submitted the issue of liability to the jury. On December 13, 2019 the jury returned a verdict in favor of Plaintiff.

## II. LEGAL STANDARD

Judgment as a matter of law is appropriate where "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party." Fed. R. Civ. P. 50(a)(1). The Third Circuit has explained that this "may be granted 'only if, viewing the evidence in the light most favorable to the nonmovant and giving it the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury reasonably could find liability.'" *Mancini v. Northampton Cty.*, 836 F.3d 308, 314 (3d Cir. 2016) (*quoting Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1166 (3d Cir. 1993)). When conducting this "narrow inquiry," courts "must refrain from weighing the evidence, determining the credibility of witnesses, or substituting

2

[their] own version of the facts for that of the jury." *Marra v. Philadelphia Hous. Auth.*, 497 F.3d 286, 300 (3d Cir. 2007) (*citing Lightning Lube,* 4 F.3d at 1166).

### III. ARGUMENT

Defendant asks the court "to set aside the verdict entered . . . on December 13, 2019, and to enter judgment in favor of Defendant." (Doc. 88 at 1). Defendant argues that "under the governing law the evidence in this case was not sufficient to support a verdict on Plaintiff's cause of action." (Doc. 88 at 2). Specifically, Defendant asserts that "[t]he Borough had competent evidence supporting a reasonable belief and a jury could not have concluded" to the contrary. (Doc. 88 at 2). Defendant supports this assertion, arguing that "[t]he Borough's decision to demolish the building was based upon the recommendation of a third-party structural engineer." (Doc. 88 at 3). In so stating, Defendant refers to David Brown. (Doc. 88 at 1).

Plaintiff argues that "the jury returned a reasonable verdict in favor of Plaintiff based upon evidence adduced at trial." (Doc. 91 at 3). Plaintiff represents that there was evidence presented at trial that suggested "that Dillon may not have relied on the assessment of Brown before ordering the demolition."

### IV. DISCUSSION

It is undisputed that Bristol Borough acted under the color of state law, that Shimon Guy had a property interest in the building 301–303 Radcliffe Street, and that the Borough deprived Guy of his property interest in demolishing the building. The issue in this case was whether the Borough's actions were unconstitutional in violation of due process.

While the fundamentals of a § 1983 claim were met in that there was a deprivation of rights by a state actor, there were clear issues of fact as it pertained to Defendant's affirmative defense. The jury had to determine whether there was competent evidence to support a reasonable belief

3

that an emergency existed.  There was question as to what information Dillon had when he made his decision as well as whether he had a "reasonable belief" based on the information that he had.  The jury resolved this factual issue in favor of Plaintiff.  Defendant argues that the evidence was insufficient to support such a finding.  We reiterate that it is not the court's role to weigh evidence or witness credibility.  *See Marra v. Philadelphia Hous. Auth.*, 497 F.3d 286, 300 (3d Cir. 2007).  The evidence did not necessitate one finding over the other such that we must disturb the jury's verdict.  Jurors had to have made credibility determinations with respect to the testimony of James Dillon or David Brown.  Plaintiff challenged theses witnesses' recollections.

The jury may have made factual findings with respect to what information Mr. Dillon based his decision on and when he did so.  Plaintiff pointed to emails that were sent and received after the decision.  The jury may have been swayed by expert testimony.  Plaintiff presented an expert that testified to his opinion that the building did not need to be demolished.  Given these factual issues we cannot say that "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party."  Fed. R. Civ. P. 50(a)(1).

V.  **CONCLUSION**

For the reasons described above, we find Defendant has not met its burden under Fed. R. Civ. P. 50.  In order to succeed on a Rule 50 motion, the standard is the same standard as applies under Rule 56, determining if a party is entitled to judgment as a matter of law.  *Reed v. Lieurance*, 863 F.3d 1196, 1204 (9th Cir. 2017) ("The standard for judgment as a matter of law under Rule 50(a) "mirrors" the summary judgment standard.").  Defendant had the burden of proof at trial with respect to its affirmative defense and thus as the movant here was required to demonstrate, by pointing to the record, that there is no factual dispute and given the undisputed facts it is entitled to judgment as a matter of law.  We hold that Defendant has not fulfilled this burden, as there were

disputed facts that were left to the jury. Accordingly, Defendant's Rule 50(b) motion is hereby **DENIED**.

BY THE COURT:

<u>/s/ David R. Strawbridge, USMJ</u>
David R. Strawbridge
United States Magistrate Judge
