IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHIMON GUY, | : |
| | : CIVIL ACTION |
| Plaintiff, | : |
| | : |
| v. | : NO. 16-1557 |
| | : |
| BRISTOL BOROUGH, et al. | : |
| | : |
| Defendants. | : |

**MEMORANDUM OPINION AND ORDER RE: DAMAGES**

We have before us in this § 1983 litigation questions about damages. We take this opportunity to determine what can be admitted in the damages portion of this bifurcated trial, and to clarify any uncertainty about prior rulings.

**I.  BACKGROUND**[1]

This damages question arose in "Bristol Borough's Motion *in Limine*" ("Motion in Limine") (Doc. 55) filed on January 22, 2019. By that filing the Borough sought the entry of an order to preclude Plaintiff's assertion that it was entitled to damages of: (1) "Original investment/equity in Property," (2) "Cost of Materials," (3) "Cost of Citations/Demolition," (4) "Interest on Home Equity Loan," (5) "Attorney's Fees and Costs in Underlying Case," (6) "Attorney's Fees and Costs in Current Case," and (7) "Expert Fees in Current Case." (Doc. 55 at 1).

Mr. Guy responded in "Plaintiff's Answer to Bristol Borough's Motion in Limine" ("Answer") (Doc. 60) and claimed that the above damages should be submitted to the jury for consideration as part of the damages calculation, arguing that an entitlement based upon the

---

[1] As we are writing for the parties, we will not provide a full narrative of the factual background of this case.

1

Property's "special value to the plaintiff." (Doc. 60 at 2).

Judge Goldberg rejected that argument and on February 25, 2019 granted Defendant's motion. (Doc. 61). In his order he addressed Plaintiff's assertion that a "'special value' theory" would apply by observing that: "Plaintiff's response does not point to anything that would establish that the property is a 'special use' property." (*Id.*). By way of example he stated, "Plaintiff has not provided evidence that the Property contained special construction materials or a unique physical arrangement that limited its utility to a single purpose." (*Id.*).

Providing context for his rejection of a "special value" damages analysis, the Judge set out Pennsylvania caselaw describing damages for injury to property. He first cited to *Oliver-Smith v. City of Philadelphia*, "[t]he proper measure of damages where the injury to the property was permanent is the market value of the property before the injury." (Doc. 61 at 1). He then cited *Ely v. Cabot Oil & Gas Corp.*, No. 3:09-CV-2284, 2016 WL 454817, at *10 (M.D. Pa. Feb. 5, 2016) (quoting *Kirkbride v. Lisbon Contractors*, 560 A.2d 809 (Pa. Super. Ct. 1989), which stated the well-recognized approach to property damage claims that where the property is repairable "the measure of damages is the lesser of: (1) the cost of repair; or (2) the market value of the property (before it suffered damage of course). If the land is not reparable, the measure of damage is the decline in market value as a result of the harm." (*Id.* at 1–2). The question of how this caselaw applies to this case remains before us.

On March 20, 2019 a further order was entered, dealing primarily with scheduling, where Judge Goldberg stated, without any further discussion or analysis, "the proper measure of damages under Pennsylvania law is the market value of the property immediately before the injury." (Doc. 63). The order was silent on whether the Judge was referring to damage that was permanent or

reparable.[2]

In the same order the Judge granted defendant's motion to preclude evidence of attorney's fees from being presented to the jury, explaining that "[a]ttorneys' fees are a matter for the Court, and not the jury, to decide after the merits of the federal claim have been decided. Once the merits are decided, the appropriate party may move for attorneys' fees and costs pursuant to 42 U.S.C. § 1988." (*Id.* (citation omitted)). This issue is not disputed and will be determined by the court.

On April 16, 2019 Plaintiff consented to jurisdiction by United States Magistrate (Doc. 66), and on April 17, 2019 the case was referred to me. (Doc. 67). After some delay the case was brought to trial in December 2019. On December 5, 2019 there was a recorded pre-trial conference during which the issue of damages was raised through consideration of a damages jury instruction relating to the building itself. (Doc. 77). The court subsequently bifurcated the trial and the liability portion of trial commenced on December 11, 2019, and on December 13, 2019 the jury returned a verdict in favor of Plaintiff. (Doc. 84). On January 8, 2020, and with the court's permission, Plaintiff submitted "Plaintiff's Memorandum Regarding Measure of Damages." (Doc. 86). Defendant responded with "Bristol Borough's Brief Regarding Measure of Damages" on January 15, 2020. (Doc. 89). Plaintiff then submitted a further letter brief in reply, purporting to bring back into play the notion of "special value" to Plaintiff. (Doc. 92). The damage question that remains is the charge that will be provided to the jury on the measure of damages to the property at the forthcoming damages only trial.

## II. DISCUSSION

For the sake of clarity, we will revisit the question of "special value." We then set out that

---

[2] We accept the parties' approach here that the injury was permanent and irreparable. (*See* Doc. 55 at 2; Doc. 60 at 1–2).

we have determined the proper measure of damages to be the *diminution in market value*, comparing the market value before and market value after the demolition.

Plaintiff has set out the argument that to make the Plaintiff whole we need to take into account the "special value" the property had to Plaintiff. (Doc. 60 at 2). In so going he noted that:

> "Guy lost his investment in the Property, the costs associated with rehabilitating and/or renovating the Property, as well as costs associated with the demolition of the Property. Guy also suffered damages in the fact that he lost the unique and historic character of the Building, which made it specifically more valuable both to him and to potential purchasers of the Building after the Project had been completed."

(*Id.*). In support of this claim Plaintiff cited to *Oliver-Smith v. City of Philadelphia*, 962 A.2d 728, 730–31 (Pa. Cmmw. Ct. 2008) and the Pennsylvania Suggested Standard Civil Jury Instructions, 3rd Edition, Section 6.11, which was published in February 2009. That jury instruction stated in relevant part that "[i]f you find that the property was a total loss, damages are to be measured by either its market value or its special value to the plaintiff, whichever is greater." Since the *Oliver-Smith* case, the Pennsylvania Suggested Standard Jury Instructions have been updated and the fourth edition, dated April 2017, is now the most recent. Between the third and fourth edition "[t]he subcommittee revised the instruction to eliminate recovery of 'special value.'" Subcommittee Note, Pennsylvania Suggested Standard Civil Jury Instructions, 4th Edition, Section 7.150 (last revised April 2017). The subcommittee explained that "[a]lthough there may be exceptions to the general rule . . . the vast majority of cases will be governed by the [*Pennsylvania Dep't of Gen. Servs. v. United States Mineral Products Co.*, 898 A.2d 590 (Pa. 2006)] case." *Id.* Having reviewed *Mineral Products* as well as *Department of Transportation v. Crea*, 483 A.2d 996 (Pa. Commw. Ct. 1977), we reaffirm Judge Goldberg's holding that "special value" damages were not proper in this case.

"Special value" damages have been applied narrowly. This exception was applied in *Crea* where an intoxicated driver drove into a bridge, causing its collapse. 483 A.2d at 998. The *Crea* court held that "[w]here concepts of value in a commercial sense cannot be applied because a particular structure *in the public domain* simply doesn't have any such value, speculatively or otherwise, the measure of damages must be the reasonable cost of replacement by a similar structure consistent with current standards of design." *Id.* at 1002 (emphasis added). The "special use" determination in *Crea* was based on the property being "in the public domain" and that any efforts to assign a market value would be "wholly speculative." *Id.* at 1001.

The court extended the exception in *Mineral Products*, applying it to a government building where the market value could be determined. The court concluded that "in light of the unique attributes of the T & S Building, chief among which are its public purposes and location on the Capitol campus, the structure *could fairly be deemed by a fact finder* to represent a special-purpose property." *Id.* (emphasis added).

The building here does not have particularized characteristics akin to *Crea* or *Mineral Products*. The property is not in the public domain, the market value is ascertainable, and there is not public purpose or specific location that benefits the public. Plaintiff has failed to demonstrate that the "special value" approach should be utilized in this case.[3]

In taking the "special value" language out of the Pennsylvania Suggested Standard Civil Jury Instructions, 4th Edition, Section 7.150, last revised in April 2017, the Subcommittee emphasized that the such calculation is an "exception." Subcommittee Note, Pennsylvania Suggested Standard Civil Jury Instructions, 4th Edition, Section 7.150 (last revised April 2017).

---

[3] This finding is consistent with what Judge Goldberg found in his order: "Plaintiff has not demonstrated that he is seeking recovery of any 'personal effects' that would permit him to recover damages under the alternative 'special value' theory." (Doc. 61 at 3).

The jury instruction on property damage now reads as follows:

> **The plaintiff is entitled to be compensated for the harm done to [his] [her] property.**
>
> **If you find that the property was a total loss, damages are to be measured by its market value.**
>
> **If the property was not a total loss, damages are measured by [the difference in value before and after the harm] [the reasonable cost of repairs].**
>
> **In addition, the plaintiff is entitled to be reimbursed for incidental costs or losses reasonably incurred because of the damage to the property, such as [[[[rental of a replacement vehicle during repairs] [towing charges] [[loss of use of the property]** *[etc.].*

Pennsylvania Suggested Standard Civil Jury Instructions, 4th Edition, Section 7.150 (last revised April 2017). This instruction is supported by Pennsylvania law: "[a]ssuming the land is reparable, the measure of damage is the lesser of: (1) the cost to repair, or (2) the market value of the damaged property (before it suffered the damage, of course). If the land is not reparable, the measure of damage is the *decline in market value* as a result of the harm." *Christian v. Yanoviak*, 945 A.2d 220, 226 (Pa. Super. 2008) (*citing Kirkbride v. Lisbon Contractors,* 560 A.2d 809 (Pa. Super. 1989)) (emphasis added).[4]

---

[4] *See also Arch Ins. Co. v. Carol & Dave's Roadhouse, Inc.*, 567 F. App'x 131, 134–35 (3d Cir. 2014) ("where the injury is characterized as permanent [as when a building is completely destroyed], the measure of damages becomes the decrease in the fair market value of the property."); *Pennsylvania Dep't of Gen. Servs. v. U.S. Mineral Prod. Co.,* 898 A.2d 590, 596 (Pa. 2006) ("the general measure of damages for permanent harm to real property is the diminution in market value"); *Babich v. Pittsburgh & New England Trucking Co.*, 563 A.2d 168, 170 (Pa. Super. 1989) ("where the injury is characterized as permanent, the measure of damages becomes the decrease in the fair market value of the property"); *Com., Dep't of Transp. v. Estate of Crea*, 483 A.2d 996, 1001 (Pa. Cmmw. Ct. 1977) ("Where the injury is permanent, the measure of damages is the reduced market value of the property."); *Kenney v. City of Philadelphia & Atl. Wrecking Co.*, No. NO. 2449., 1990 WL 902451 (Pa. Com. Pl. Sept. 12, 1990) ("The trial court, therefore, properly based its decision on the fact that the City's liability is restricted to the reduced fair market value caused by wrongful demolition.").

In "Plaintiff's Memorandum Regarding Measure of Damages" Guy asserts that *Oliver-Smith v. City of Philadelphia* governs the issue of damages here. In *Oliver-Smith* the court stated that "[t]he proper measure of damages in a case where the injury to the property was permanent is the market value of the property immediately before the injury." *Oliver-Smith v. City of Philadelphia*, 962 A.2d 728, 730 (Pa. Commw. Ct. 2008) (*citing Frederick v. City of Pittsburgh,* 132 Pa. Cmwlth. 302, 572 A.2d 850 (1990)). Plaintiff does not point to any other cases that support this proposition.

As referenced above, the Subcommittee in the Pennsylvania Suggested Standard Civil Jury Instructions, 4th Edition, Section 7.150, explained that "the vast majority of cases will be governed by the [*Mineral Products*] case." Subcommittee Note, Pennsylvania Suggested Standard Civil Jury Instructions, 4th Edition, Section 7.150 (last revised April 2017). *Mineral Products* states that "[i]n Pennsylvania, the general measure of damages for permanent harm to real property is the *diminution in market value* attributable to the conduct, product, or instrumentality giving rise to liability." *Pennsylvania Dep't of Gen. Servs. v. U.S. Mineral Prod. Co.*, 587 Pa. 236, 246, 898 A.2d 590, 596 (2006) (*citing Lobozzo v. Adam Eidemiller, Inc.,* 437 Pa. 360, 369 & n. 6, 263 A.2d 432, 437 & n. 6 (1970)) (emphasis added).

In both the Defendant's motion in limine and Plaintiff's response brief the parties characterized the injury here as a "total loss" in seeking a damages construct that applies to "total loss" property or an injury to land that is "not reparable."[5] (Doc. 55 at 2; Doc. 60 at 1–2). As such, given our rejection of "special value" damages as applicable to his case, the appropriate measure of damages to the property is the "decline in market value," which is to be calculated by

---

[5] We also note the Judge Goldberg in his February 25, 2019 order wrote that here the "injury was total and permanent." (Doc. 61 at 3).

comparing the market value before the loss and the market value after.[6]

Accordingly, for the reasons set out above it is hereby **ORDERED** that evidence pertaining to the "special value to Plaintiff" approach of damages in this case is precluded. Further the court will charge the jury that the measure of damages to the property is the market value before compared to market value after analysis.

BY THE COURT:

/s/ David R. Strawbridge, USMJ
David R. Strawbridge
United States Magistrate Judge

---

[6] In addition, Plaintiff may be "entitled to be reimbursed for incidental costs or losses reasonable incurred because of the damage to the property." Pennsylvania Suggested Standard Civil Jury Instructions, 4th Edition, Section 7.150 (last revised April 2017). The court will also separately consider such additional costs as well as Plaintiff's claim to attorney's fees.